```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
US FLOUR CORPORATION,
                                         MEMORANDUM & ORDER
                    Plaintiff,          10-CV-2522(JS)(WDW)

          -against-

CERTIFIED BAKERY, INC. a/k/a CERTIFIED
BAKERY CORPORATION,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Scott Adam Grauman, Esq.
                   Law Offices of Scott A. Grauman, Esq.
                   125-16 Queens Boulevard
                   Kew Gardens, NY 11415

                   Scott Cargill, Esq.
                   Lowenstein Sandler PC
                   65 Livingston Avenue
                   Roseland, NJ 07068

                   Samuel J. Teele, Esq.
                   Lowenstein Sandler PC
                   1251 Avenue of the Americas, 18th Floor
                   New York, NY 10020

For Defendant:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court are U.S. Flour Corporation's ("Plaintiff") objections to Magistrate Judge William D. Wall's Report and Recommendation ("R&R") recommending that Plaintiff's motion for default judgment be denied. For the reasons stated below, Plaintiff's objections to Judge Wall's R&R are OVERRULED, and Judge Wall's R&R is ADOPTED IN ITS ENTIRETY.

BACKGROUND

Plaintiff commenced this diversity action on June 3, 2010 (Docket Entry 1), filed an Amended Complaint on October 8, 2010 (Docket Entry 3), and filed a Second Amended Complaint[1] on December 6, 2010 asserting claims against Defendant Certified Bakery, Inc. a/k/a Certified Bakery Corporation ("Defendant") for breach of contract, account stated, and unjust enrichment (Docket Entry 6).

On February 4, 2011, Plaintiff filed a Certification of Due Diligence documenting its process servers' "attempted service of process upon [D]efendant." (Docket Entry 8.) Attached as exhibits to the Certification were two Affidavits of Service. One stated that a process server attempted to serve Defendant at 20 Universal Place, Carlstadt, New Jersey on December 23, 2010 "but the building is for sale. There is a real estate sign Chaus Realty. So therefore I was unable to effectuate service." (Docket Entry 8-2.) The other stated that a process server attempted, again unsuccessfully, to serve process on Sam Grunfeld, Defendant's registered agent, on

---

[1] The Court notes that the Second Amended Complaint was filed without leave of court. See FED. R. CIV. P. 15(a)(1) (stating that a party may amend its pleading only once as a matter of course). However, leave to amend should be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). Therefore, despite Plaintiff's failure to move to amend, the Court accepts the Second Amended Complaint as the operative complaint.

2

December 22, 29, and 30, 2010 at his residence 9 Clark Place, Tenafly, New Jersey. (Docket Entry 8-4.)[2] The Certification also asserted that on January 4, 2011, Plaintiff served the "summons and complaint"[3] via certified mail, return receipt requested, and via first class mail on Sam Grunfeld[4] at his residence located at 9 Clark Place, Tenafly, New Jersey.

Defendant never answered or otherwise appeared in this action. Thus, on February 7, 2011, Plaintiff moved for the entry of default (Docket Entry 9), and on February 8, Plaintiff filed an amended motion for the entry of default (Docket Entry 10). The Clerk of the Court noted Defendant's default on

---

[2] The Affidavit states:

> There was a vehicle in the driveway. [I] confirmed with next door neighbor that entity does reside at this address. Also there was a name plate on the front door, with the name Grunfelds. The lights were on and there was a vehicle in the driveway. Entity would not answer the door. Entity is evading service. So therefore I was unable to effectuate service.

(Docket Entry 8-4.) It is unclear from the process server's affidavit how he obtained this address, as the New Jersey Business Entity Status Report indicating that Mr. Grunfeld is Defendant's registered agent states that his address is 20 Universal Place, Carlstadt, New Jersey. (Docket Entry 8-3.)

[3] The Certification is misleading and should have stated that Plaintiff served the Amended Summons and Second Amended Complaint. (See Docket Entry 8-5, at 4-24.)

[4] This is also incorrect: The certified mail and first class mail were addressed to Sam Frunfeld. (Docket Entry 8-5, at 2-3.)

3

February 8, 2011, and Plaintiff moved for a default judgment on March 3, 2011 (Docket Entry 12).

On March 8, 2011, the Clerk of the Court received a letter dated February 24, 2011 from Richard J. Schwartz, Esq. Mr. Schwartz indicated that he was counsel for Defendant and that Defendant objected to the entry of default because it "never received any notice of papers indicating that suit was instituted." (Docket Entry 13.) On March 21, 2011, the Court referred the motion to Judge Wall for an R&R.

On March 22, 2011, Judge Wall issued an electronic order scheduling a traverse hearing "at which the plaintiff must establish proper service. Appropriate witnesses and exhibits must be introduced." A copy of this electronic order was mailed to Mr. Schwartz.

The hearing took place on April 27, 2011. (Docket Entry 16.) Plaintiff was represented by Thomas Livolsi, Esq. (not one of its attorneys of record in this case), and no one appeared on behalf of Defendant. (Docket Entry 16.) Mr. Livolsi did not produce any witnesses or exhibits to establish proper service at the hearing but rather rested on the papers filed in support of the motion for default judgment. Judge Wall issued his R&R that day recommending that default judgment be denied for failing to establish proper service. (Docket Entry 15.) The R&R stated: "To the Traverse Hearing, the plaintiff

sent an attorney who is not an attorney of record, and introduced not a single witness or exhibit to establish proper service, thus wasting the court's time and completely failing to meet its burden of proving service." (Docket Entry 15.)

On May 11, 2011, Plaintiff filed timely objections to the R&R. (Docket Entry 18.) Specifically, Plaintiff argues that Judge Wall erred in (1) finding that Defendant was not properly served and (2) recommending that default judgment be denied.

DISCUSSION

I.  Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and

recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citation omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See 28 U.S.C. § 636(b)(1); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

Here, Plaintiff raises two objections: (1) that Judge Wall erred in finding that it failed to establish proper service and (2) that because proper service was established, default judgment should have been granted. Accordingly, the Court will review those portions of the R&R de novo. Plaintiff has not

objected to Judge Wall's decision to hold a traverse hearing, so the Court will review Judge Wall's decision to do so for clear error.

II. Plaintiff's Objections

The Court will briefly address Judge Wall's decision to hold a traverse hearing for clear error before discussing the issues raised in Plaintiff's objections de novo.

A. Judge Wall's Decision to Conduct a Traverse Hearing

"Under New York law[5] a traverse hearing is required when there exists a genuine issue of fact of whether service was properly made." Escobar v. New York, No. 05-CV-3030, 2010 WL 629828, at *4 (E.D.N.Y. Feb. 22, 2010) (citing CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613, 617 (E.D.N.Y. 2004); LePatner & Assocs., L.L.P. v. Horowitz, 24 Misc. 3d 187, 882 N.Y.S.2d 829, 832 (Sup. Ct. N.Y. Cnty. 2009); Dime Sav. Bank of N.Y. v. Steinman, 206 A.D.2d 404, 613 N.Y.S.2d 945, 946 (2d Dep't 1994)). Typically, a process server's affidavit of service establishes a prima facie case of proper service. See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d. Cir. 2002) (citing Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279, 732 N.Y.S.2d 872, 873 (2d Dep't 2001)). However, a

---

[5] "[P]ersonal jurisdiction over a defendant in a diversity action is determined by reference to the law of the jurisdiction in which the court sits." Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985) (citations omitted).

7

defendant's sworn denial of receipt of service "rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. at 57-58 (citing Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 117 A.D.2d 135, 502 N.Y.S.2d 479, 483-84 (2d Dep't 1986)). Such a hearing is not necessary "where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" Id. at 58 (quoting Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (2d Dep't 2000)). Thus, since Defendants denied receipt of service via a letter from their attorney and not via a sworn statement, a traverse hearing was not required.

Nonetheless, courts have "considerable procedural leeway" in deciding how to address allegations of improper service and may conduct an evidentiary hearing even without a sworn denial. See Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); see also, e.g., SEC v. Napolitano, No. 99-CV-4807, 2006 U.S. Dist. LEXIS 82016, at *6 (E.D.N.Y. Nov. 3, 2006) (traverse hearing held notwithstanding the defendant's failure to submit a sworn rebuttal); Harris v. Wu-Tang Prods., Inc., No. 05-CV-3157, 2006 WL 1677127, at *6 (S.D.N.Y. June 16, 2006) (holding that a traverse hearing was "particularly appropriate" to resolve defendant's allegation that plaintiff served the wrong address despite the absence of a sworn

8

rebuttal). Therefore, Judge Wall's exercising his discretion to conduct a traverse hearing despite no sworn denial of service from Defendant was not clear error.

B. Plaintiff's Burden of Establishing Proper Service at the Hearing

At the hearing, Plaintiff had the burden of proving proper service by a preponderance of the evidence. See Hoffritz, 763 F.2d at 57; Marine Midland, 664 F.2d at 904. Yet Plaintiff did not call any witnesses or admit any exhibits. Instead, Plaintiff asked Judge Wall to take judicial notice of the process servers' affidavits and Certification of Due Diligence. Judge Wall refused to do so and found that Plaintiff failed to establish proper service by a preponderance of the evidence. The Court agrees with Judge Wall.

The Federal Rules of Evidence provide that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The date, time, and manner in which Plaintiff's process servers claim to have made service are not such matters of general knowledge; therefore, Judge Wall correctly refused to take judicial notice of these statements. Cf. Cobble Hillbillies, L.L.C. v. Interior Design, 4 Misc. 3d

9

987, 990, 782 N.Y.S.2d 600, 602 (N.Y.C. Civ. Ct. 2004). The case cited by Plaintiff, Person v. White, No. 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010), stating that "the Court may take notice of . . . items in the record of the case," is inapposite, as it describes what a court may judicially notice <u>on a motion to dismiss</u>. The traverse hearing, although one-sided, was nonetheless a hearing: The Federal Rules of Evidence applied and Plaintiff had the burden of introducing evidence sufficient to establish proper service by a preponderance of the evidence. See Hoffritz, 763 F.2d at 57; Marine Midland, 664 F.2d at 904; Cobble Hillbillies, 4 Misc. 3d at 990, 782 N.Y.S.2d at 602.[6]

Therefore, the Court finds that Plaintiff, having failed to introduce any evidence at the traverse hearing, did not satisfy its burden of establishing proper service.

C. <u>Denial of Default Judgment</u>

"A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." Copelco Capital Inc. v. Gen. Counsel of Bolivia, 940 F. Supp. 93, 94 (S.D.N.Y. 1996)

---

[6] Even if Plaintiff's counsel attempted to admit the affidavits and Certification of Due Diligence at the hearing, which he did not, such documents would have been excluded as inadmissible hearsay. FED. R. EVID. 801-02; cf. Cobble Hillbillies, 4 Misc. 3d at 989-90, 782 N.Y.S.2d at 601-02.

(internal quotation marks and citation omitted). Since Plaintiff failed to establish proper service, the motion for default judgment must be denied. See id.; United States v. Kadoch, No 96-CV-4720, 2011 WL 2680510, at *2 (E.D.N.Y. June 10, 2011) ("In the absence of proper service, it appears that this Court may lack personal jurisdiction over defendant and the default therefore must be voided."), adopted by 2011 WL 2680362 (E.D.N.Y. July 8, 2011).

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Wall's R&R are OVERRULED, Judge Wall's R&R is ADOPTED IN ITS ENTIRETY, and Plaintiff's motion for default judgment is DENIED without prejudice with leave to refile. Plaintiff shall file its renewed motion for default judgment within thirty (30) days of the date of this Memorandum and Order. Plaintiff is warned that if it does not move for default judgment within the time prescribed, Plaintiff's Second Amended Complaint will be dismissed without prejudice for failure to serve process. See FED. R. CIV. P. 4(m); Gleason v. McBride, 869 F.2d 688, 692 (2d Cir. 1989).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March   5  , 2012
         Central Islip, NY